IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LAWRENCE KELLY                                                                             PETITIONER

v.                                  NO. 2:06CV00077 HDY

LINDA SANDERS, Warden, FCI                                                         RESPONDENT
Forrest City, Arkansas

## MEMORANDUM OPINION AND ORDER

Petitioner Lawrence Kelly ("Kelly") represents that in January of 2006, he pleaded guilty to conspiring to defraud the United States of America. He was thereafter sentenced to twenty-four months in the custody of the Federal Bureau of Prisons ("BOP"). In February of 2006, he came to be housed at FCI Forrest City, Arkansas.

Kelly commenced the proceeding at bar in March of 2006 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In his petition, he challenged a BOP policy adopted in February of 2005 ("February of 2005 policy") that governed the placement of BOP inmates in Residential Reentry Centers ("RRC"), commonly known as halfway houses. He asked the Court to "order the BOP to consider [him] for [six] months [RRC] placement without regards to the BOP's invalid rule of only considering [inmates] for [RRC] for the last [ten] percent of their sentences." See Document 1 at 5.

Respondent Linda Sanders ("Sanders") filed an answer to the petition in April of 2006. She represented that in light of the decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the BOP is "currently modifying its procedures for institutions within the Eighth Circuit." She additionally represented the following:

> Petitioner will be evaluated for RRC placement, utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998. This is the policy used by the BOP prior to the December 2002 OLC opinion and the February 2005 regulations, which spurred such litigation. Respondent will be basing RRC recommendations on statutory (18 U.S.C. 3621(b)), correctional, and population management interests, e.g., length of sentence, serious of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc.
>
> Consistent with Program Statement 7310.04, recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date.
>
> … Respondent respectfully requests that the petition be dismissed as moot. Respondent will evaluate and subsequently recommend Petitioner for RRC placement based on the factors listed above.

See Document 5 at 1-2.

As both parties note, the United States Court of Appeals for the Eighth Circuit addressed the propriety of the February of 2005 policy in Fults v. Sanders. In that decision, the Court of Appeals found the policy to be invalid, which is the very relief Kelly seeks in this proceeding. Given the finding in Fults v. Sanders, and given Sanders' representation that Kelly will be evaluated for placement in a RRC pursuant to the policy

in effect prior to the adoption of the February of 2005 policy, the Court finds that Kelly's petition should be, and is, dismissed as moot. He has obtained the relief he sought in commencing this proceeding, i.e., he will be evaluated for placement in a RRC pursuant to the policy in effect prior to the adoption of the February of 2005 policy. Judgment will be entered for Sanders.

    IT IS SO ORDERED this __18__ day of May, 2006.

*H Daniel Young*
_____
    UNITED STATES MAGISTRATE JUDGE